FILED

OCT 19 PM 2:01

... DISTRICT COURT
... CALIFORNIA

1  Jeremy S. Golden (SBN 228007)
   Law Offices of Eric F. Fagan
2  3130 Bonita Road, Suite 200B
   Chula Vista, CA 91910
3  jeremy@efaganlaw.com
4  Phone: 619-656-6656 Fax: 775-898-5471
   E-filing
5  Attorney for Plaintiff

6

7

8

9              **UNITED STATES DISTRICT COURT**
               **NORTHERN DISTRICT OF CALIFORNIA**

10

11  DAVID LOWMAN, an individual,        ) Case No. **C V 09    4 9 6 8** EMC
                                        )
12              Plaintiff               )  **COMPLAINT AND DEMAND FOR**
                                        )  **JURY TRIAL (Unlawful Debt**
13                                      )  **Collection Practices)**
    v.                                  )
14                                      )
                                        )
15  COLLECTCORP CORPORATION;            )
    and DOES 1 through 10 inclusive,    )
16                                      )
                                        )
17             Defendants.              )
                                        )
18                                      )
                                        )
19                                      )
                                        )
20                                      )

21

22

23                    **I. INTRODUCTION**

24       1.      This is an action for damages brought by an individual consumer against

25  Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*

26  ("FDCPA"), the California Rosenthal Act, Civil Code §1788 *et seq.* ("Rosenthal Act"), the

27  Telephone Consumer Privacy Act, 47 U.S.C. §227 *et seq.* ("TCPA") and invasion of privacy.

28  //

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff DAVID LOWMAN is a natural person residing in the state of California, County of Alameda.

4. Defendant COLLECTCORP CORPORATION is a corporation doing business of collecting debts in California operating from an address at 455 North 3rd Street, Suite 260, Phoenix, AZ 85004. Its Agent for Service of Process is CT Corporation System, 818 West Seventh St., Los Angeles, CA 90017.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

6. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

1    8.    The purported debt that Defendants attempted to collect from Plaintiff was a

2  "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

3    9.    Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code

4  1788.2(h).

5    10.    The purported debt which Defendants attempted to collect from Plaintiff was a

6  "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

7                    **IV.  FACTUAL ALLEGATIONS**

8    11.    The FDCPA was enacted to "eliminate abusive debt collection practices by debt

9  collectors, to insure those debt collectors who refrain from using abusive debt collection

10  practices are not competitively disadvantaged, and to promote consistent state action to

11  protect consumers against debt collection abuses."

12    12.    At a time unknown, COLLECTCORP acquired information regarding an alleged

13  credit card debt (the "DEBT") that Plaintiff had incurred.

14    13.    In or around January 2009, COLLECTCORP began calling Plaintiff in an

15  attempt to collect the DEBT.

16    14.    Over the course of approximately four months, COLLECTCORP called with

17  such frequency and persistence as to constitute harassment.

18    15.    On more than one occasion, COLLECTCORP called Plaintiff more than once on

19  a single day.

20    16.    It is estimated that COLLECTCORP called Plaintiff at least one-hundred times

21  in a four month span.

22    17.    COLLECTCORP falsely threatened to sue Plaintiff.

23    18.    COLLECTCORP falsely stated that it would have Plaintiff thrown in jail.

24    19.    COLLECTCORP insulted Plaintiff and called him a "loser" and a "liar."

25    20.    COLLECTCORP threatened to call Plaintiff's employer.

26    21.    COLLECTCORP threatened to call Plaintiff's friends.

27    22.    COLLECTCORP threatened to call Plaintiff's family to see if Plaintiff had

28  asked anyone to borrow money.

1    23.    On one occasion, COLLECTCORP falsely stated that Plaintiff had 24 hours to
2    pay the DEBT or it would take legal action.

3    24.    It is estimated that COLLECTCORP called Plaintiff 20 times at his place of
4    employment.

5    25.    Plaintiff repeatedly told COLLECTCORP that he could not accept such calls at
6    work.

7    26.    Plaintiff's employer has a policy against accepting personal calls.

8    27.    Plaintiff told COLLECTCORP that the calls were upsetting him and he wished
9    all calls to stop.

10    28.    COLLECTCORP ignored Plaintiff's requests and continued to call him at home
11    and at work.

12    29.    COLLECTCORP spoke to Plaintiff's co-worker and stated that they were
13    calling from COLLECTCORP.

14    30.    COLLECTCORP called Plaintiff's mother numerous times and disclosed details
15    about the DEBT.

16    31.    COLLECTCORP used an automatic dialing system and artificial and/or
17    prerecorded voice on the calls placed to Plaintiff's home and cell phone.

18    32.    COLLECTCORP's employee falsely told Plaintiff's mother that the employee
19    was a friend of Plaintiff and requested a return phone call from Plaintiff.

20    33.    As a result of the acts alleged above, Plaintiff suffered nausea, tension,
21    nervousness, worry, trouble sleeping, inability to concentrate, irritability, and diabetic flare-
22    ups.

23    34.    COLLECTCORP's conduct interfered with Plaintiff's job as it forced him to
24    screen calls.

25    35.    The acts complained of above are part of a pattern and practice of harassment by
26    COLLECTCORP.

27    //

28    //

## V. FIRST CLAIM FOR RELIEF

### (As against Defendants for Violation of the FDCPA)

36.   Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

37.   Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

    (a)   The Defendants violated 15 U.S.C. § 1692b(1) by contacting a person other than the Plaintiff and failing to state that they were confirming or correcting location information concerning the Plaintiff;

    (b)   The Defendants violated 15 U.S.C. § 1692b(2) by communicating with persons other than the Plaintiff and stating that the Plaintiff owes a debt;

    (c)   The Defendants violated 15 U.S.C. § 1692b(3) by communicating with persons other than the Plaintiff and contacting that person more than once;

    (d)   The Defendants violated 15 U.S.C. § 1692c(b) by communicating with a third person in connection with the collection of a debt;

    (e)   The Defendants violated 15 U.S.C. § 1692c(a)(1) by communicating with the Plaintiff at an unusual time or place and/or communicating with the Plaintiff at a time or place known or which should have been known to be inconvenient to the Plaintiff;

    (f)   The Defendants violated 15 U.S.C. § 1692c(a)(3) by contacting the Plaintiff's place of employment when the debt collector knew or had reason to know that the Plaintiff's employer prohibited such communication;

    (g)   The Defendants violated 15 U.S.C. § 1692c(b) by communicating with a third person in connection with the collection of a debt;

    (h)   The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in

connection with the collection of the alleged debt;

(i) The Defendants violated 15 U.S.C. § 1692d(2) by using profane language and/or other abusive language;

(j) The Defendants violated 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiff in connection with the collection of the Debt;

(k) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations or means in connection with the collection of a debt;

(l) The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

(m) The Defendants violated 15 U.S.C. § 1692e(4) by giving the impression that nonpayment of a debt will result in the arrest or imprisonment of a person and/or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action;

(n) The Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken or that was not intended to be taken;

(o) The Defendants violated 15 U.S.C. § 1692e(7) by giving the false impression that the consumer committed a crime or other conduct in order to disgrace the consumer;

(p) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation and deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer; and

(q) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt.

1    38.    As a result of the above violations of the FDCPA, Defendants are liable to the
2    Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs
3    pursuant to 15 U.S.C. §1692k.

4                              **VI.   SECOND CLAIM FOR RELIEF**

5                 **(Against all Defendants for Violation of the Rosenthal Act)**

6    39.    Plaintiff repeats, realleges, and incorporates by reference all of the foregoing
7    paragraphs.

8    40.    Defendants violated the Rosenthal Act, by including but not limited to, the
9    following:

10        (a)    The Defendants violated California Civil Code §1788.10(b) by
11               threatening that the failure to pay a consumer debt will result in an
12               accusation that the Plaintiff has committed a crime where such
13               accusation, if made, would be false;

14        (b)    The Defendants violated California Civil Code §1788.10(e) by
15               threatening any person that nonpayment of the consumer debt may
16               result in the arrest of the debtor or the seizure, garnishment, or sale of
17               any property or the garnishment or attachment of wages of the debtor,
18               unless such action is in fact contemplated by the debt collector and
19               permitted by the law;

20        (c)    The Defendants violated California Civil Code §1788.11(d) by causing a
21               telephone to ring repeatedly or continuously to annoy the person called;

22        (d)    The Defendants violated California Civil Code §1788.11(e) by
23               communicating with the Plaintiff with such frequency as to be
24               unreasonable and to constitute an harassment to the Plaintiff under the
25               circumstances;

26        (e)    The Defendants violated California Civil Code §1788.12(a) by
27               communicating with the Plaintiff's employer regarding the debtor's
28               debt;

7
COMPLAINT AND DEMAND FOR JURY TRIAL

(f)     The Defendants violated California Civil Code §1788.12(b) by communicating information regarding a consumer debt to a member of the Plaintiff's family;

(g)     The Defendants violated California Civil Code §1788.13(j) by falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made; and

(h)     The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

41.     Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

42.     As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

43.     Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## VII.   THIRD CLAIM FOR RELIEF

### (Against all Defendants for Invasion of Privacy:

### Intrusion Into Private Affairs And Public Disclosure of Private Facts)

44.     Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

45.     Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and private concerns and affairs.

46.     Defendants willfully and intentionally intruded into Plaintiff's solitude, seclusion and private affairs by repeatedly and unlawfully attempting to collect a debt.

47.     Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiff.

48.     As a result of such invasions of privacy, Plaintiff was harmed and suffered great mental and physical pain.

1       49.    Defendants acted with oppression, fraud and malice, and Defendants are

2   therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive

3   damages.

4   ## VIII. FOURTH CAUSE OF ACTION

5   ## (Against All Defendants For Violation of TCPA)

6       50.    Plaintiffs repeat, reallege and incorporate by reference all of the foregoing

7   paragraphs.

8       51.    Defendants improperly invaded the privacy rights of Plaintiff and violated the

9   TCPA by the above-described actions.  Defendants violations include, but are not limited to,

10  the following:

11          (a)    By repeatedly making calls, and by transmitting prerecorded or artificial

12               messages, to the Plaintiff's cell phone using an automated telephone

13               system without Plaintiff's express consent in which Plaintiff was charged

14               for the call, Defendant engaged in conduct which violated 47 U.S.C.

15               §227(b)(1)(A)(iii); and

16          (b)    By repeatedly making calls, and by transmitting prerecorded or artificial

17               messages, to the Plaintiff's residence using an automated telephone

18               dialing system without Plaintiff's express consent, Defendant engaged in

19               conduct with violated 47 U.S.C. §227(b)(1)(B)

20      52.    As a result of the above violations of the TCPA, Defendants are liable to the

21  Plaintiffs for declaratory judgment that Defendants conduct violated the TCPA, Plaintiffs'

22  actual damages, statutory damages of $500 for each call, and up to three times statutory

23  damages for willful and knowing violations pursuant to 47 U.S.C. §227(b)(3).

24  //

25  //

26  //

27  //

28

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

    (a)  Actual damages;

    (b)  Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);

    (c)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c);

    (d)  $500 per automated phone call as alleged above, and up to three times statutory damages for willful and knowing violations pursuant to 47 U.S.C. §227(b)(3)

    (d)  For punitive damages; and

    (e)  For such other and further relief as the Court may deem just and proper.

Date: 10/15/09

Jeremy S. Golden,
Attorney for Plaintiff David Lowman

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Date: 10/15/09

Jeremy S. Golden,
Attorney for Plaintiff David Lowman